UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEBARON SANDERS,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:14-cv-01068-JAD-GWF

**Order Denying Motions for Reconsideration and to Combine Habeas Corpus Cases**
**[ECF 4, 7]**

    The court dismissed this petition for a writ of habeas corpus because pro se Nevada state prisoner Debaron Sanders did not provide a complete *in forma pauperis* application.[1] Petitioner failed to include a copy of his inmate account statement or a financial certificate signed by an authorized prison or jail officer as 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2 require. His action was dismissed without prejudice to his ability to file a new petition in a new action with a properly completed *in forma pauperis* application.[2]

    On September 16, 2014, petitioner moved to reconsider that dismissal. Two months later, he dispatched another federal habeas petition to this court, along with an *in forma pauperis* application and motion for counsel. The new action was opened as Case No. 2:14-cv-1966–JCM-NJK, and the court granted petitioner's *in forma pauperis* application in that case.[3] On August 13, 2015, petitioner filed a "motion to combine" this closed habeas case with his new one.

    I deny the motion for reconsideration because petitioner has not demonstrated extraordinary circumstances exist to justify reconsideration. And because this case remains dismissed and closed, there is no case to combine with his new habeas petition, and I deny that request, too.

---

[1] ECF 2.

[2] *Id.*

[3] ECF 5 in 2:14-cv-1966–JCM-NJK.

**Discussion**

**A.   This motion for reconsideration is governed by FRCP 60.**

When a ruling has resulted in final judgment or order—as the court's order dismissing this petition did—a motion for reconsideration may be construed either as a motion to alter or amend judgment under Federal Rule of Civil Procedure (FRCP) 59(e), or as a motion for relief from judgment under FRCP 60(b).[4] FRCP 59(e) requires any "motion to alter or amend a judgment" to "be filed no later than 28 days after entry of the judgment." When a motion for reconsideration is filed after that 28-day deadline, the court typically evaluates it under the more liberal-deadline standard of FRCP 60(b), which requires, with some exceptions, motions challenging final judgments or orders to be filed within a "reasonable time."[5] Petitioner filed this motion for reconsideration 76 days after the court dismissed his petition without prejudice and entered judgment.[6] Because petitioner's motion was filed after the 28-day deadline for Rule 59(e) motions expired, the court will review petitioner's motion under Rule 60(b).

**B.   Petitioner has not shown that extraordinary circumstances exist to reconsider the without-prejudice dismissal of his petition.**

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following limited reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[4] *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

[5] *See* Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

[6] ECF 2, 3, 4.

Motions to reconsider are generally left to the discretion of the district court.[7] A district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration.[8] It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though "dire consequences" might result.[9] Moreover, motions for reconsideration are not justified on the basis of new evidence which could have been discovered prior to the court's ruling.[10] Mere disagreement with an order is an insufficient basis for reconsideration. A motion for reconsideration should not be used to make new arguments or ask the Court to rethink its analysis.[11]

The plain language of FRCP 60(b)(6)—the rule's "catch-all provision"—provides for relief from a final order for "any justifiable reason." However, courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances."[12] Extraordinary circumstances typically exist when "an extreme and unexpected hardship" would result if the relief sought is not granted.[13] Additionally, courts ordinarily will grant relief only if the moving party is not at fault and did not cause the extraordinary circumstances to

---

[7] *Herbst v. Cook,* 260 F.3d at 1039, 1044 (9th Cir. 2001).

[8] *Hopkins v. Andaya,* 958 F.2d 881, 889 (9th Cir. 1992).

[9] *Schanen v. United States Dept. of Justice,* 762 F.2d 805, 807-08 (9th Cir. 1985).

[10] *Hagerman v. Yukon Energy Corp.,* 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title,* 956 F.2d 277 (10th Cir. 1992).

[11] *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925-26 (9th Cir. 1988).

[12] *Gonzales v. Crosby,* 545 U.S. 524, 535-36 (2005); *Lal v. California,* 610 F.3d 518, 524 (9th Cir. 2010); *Harvest v. Castro,* 531 F.3d 737, 749 (9th Cir. 2008) (petitioner must demonstrate both an injury and circumstances beyond his control prevent him from proceeding with his claim).

[13] *Budget Blinds, Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008).

come into being.[14] Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice."[15]

In petitioner's motion for reconsideration, he argues that he was not provided with adequate notice or an opportunity to pay the filing fee or submit the missing financial certificate prior to the court's dismissal order. Petitioner refers to the District of Nevada's "Instructions for Filing a Motion for Leave to Proceed *In Forma Pauperis*" at page 4. These instructions state that if the court determines that petitioner must pay the filing fee and denies the *in forma pauperis* application, the court will issue an order giving the prisoner 30 days to pay the filing fee.[16] The instructions also clearly state that a petition will be dismissed if the applicant does not attach a financial certificate and a printout of his inmate trust account activity:

> IF YOU ARE AN INMATE . . . You **must** attach with your application to proceed in forma pauperis: (1) a financial certificate executed by an authorized officer at the institution; and (2) a computer printout of your inmate trust account showing account activity for the six months immediately preceding your application. Your application will be denied, and the complaint or petition will be dismissed without prejudice, if you fail to include **both**: (1) a financial certificate, and (2) a statement of your inmate trust account.[17]

This was not a case where the court reached a determination that petitioner should be required to pay the filing fee and then erred by not giving him 30 days notice that the fee had to be paid. Rather, as the instructions warned, the court denied petitioner's motion to proceed *in forma pauperis* and dismissed the petition without prejudice because petitioner did not attach the financial certificate and financial statement to his application as 28 U.S.C. § 1915(a)(2), Local Rule LSR 1-2, **and** the instructions clearly required. Petitioner argues in his motion that he relied on the instructions; so he was necessarily on notice that his *in forma pauperis* application would be denied

---

[14] *Id.*; *Gonzalez*, 545 U.S. at 535-36.

[15] *Lal*, 610 F.3d at 524.

[16] ECF 10-1 at 4.

[17] Page 3 of the instructions, ECF 10-1 at 9 (emphasis in original).

and his petition would be dismissed without prejudice if he failed to submit the required financial documentation.[18]

In sum, petitioner has not demonstrated the "extraordinary circumstances" necessary for this court to reconsider and reverse its dismissal order. Petitioner's motion for reconsideration [ECF 4] is denied, and this case remains dismissed and closed.

### C. There are no cases to combine, so the motion to combine petitions is denied.

Because the court declines to reopen this action, petitioner's motion to combine (consolidate) this action with his later-filed petition in Case No. 2:14-cv-1966–JCM-NJK [ECF 7] is denied. To the extent that petitioner proceeds with his habeas action in Case No. 2:14-cv-1966–JCM-NJK, he is free to present arguments about timeliness or any other procedural arguments that may apply.

## Conclusion

Accordingly, IT IS THEREFORE ORDERED that petitioner's motion for reconsideration **[ECF 4] is DENIED.**

IT IS FURTHER ORDERED that petitioner's motion to combine habeas corpus cases **[ECF 7] is DENIED.**

IT IS FURTHER ORDERED that **petitioner may not file any more documents in this action**; he must proceed instead in his habeas action filed in Case No. 2:14-cv-1966–JCM-NJK.

Dated this 8th day of September 2015.

_____
Jennifer Dorsey
United States District Judge

---

[18] Instructions at 3.